UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LEE PEYTON,** | ) |
| Petitioner, | ) Case No. CV 13-4197-VAP(AJW) |
| v. | ) |
| **JOHN KATAVICH,** | ) MEMORANDUM AND ORDER<br>) DISMISSING PETITION |
| Respondent. | ) |

Petitioner was convicted of receiving stolen property and identity theft on February 19, 2013. He was sentenced to state prison for a term of ten years and eight months. [Petition at 2]. On May 18, 2013, petitioner filed an appeal in the California Court of Appeal. Case No. B248767. [Petition at 2]. That appeal is still pending. [Petition at 3; www.appellatecases.courtinfo.ca.gov]. Petitioner also filed a habeas petition in the California Supreme Court. That petition was denied on procedural grounds on April 1, 2013. [Petition at 3-4, Appendix A].

On June 11, 2013, petitioner filed this petition for a writ of habeas corpus. The relief he seeks includes an order vacating his conviction. [Petitioner's Memorandum of Points and Authorities at 7].

Respondent filed a motion to dismiss the petition arguing that abstention is appropriate, and petitioner filed a traverse in which he opposes the motion.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-765 (9th Cir. 1972) (per curiam).

Younger abstention is appropriate if (1) state judicial proceedings are pending, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of Super. Ct. of State of Cal., 23 F.3d 218, 223 (9th Cir. 1994). If these three prerequisites are met, then a court must consider whether any of the narrow exceptions to the Younger abstention doctrine apply. Abstention is not required if the state court proceedings were undertaken in bad faith or for purposes of harassment or if the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 225 & n.8 (quoting and citing Younger, 401 U.S. at 53-54).

The first prerequisite for abstention is satisfied. Because petitioner's direct appeal is pending, state judicial proceedings have not been concluded. Dubinka, 23 F.3d at 223 (citing Hoffman v. Pursue, Ltd., 420 U.S. 592, 607-611 (1975)). The second prerequisite

also is satisfied because an important state interest - namely, freedom from federal interference in ongoing state criminal proceedings - would be impaired if premature federal habeas review were permitted. See Dubinka, 23 F.3d at 223. Finally, the third prerequisite is met because petitioner can present his federal constitutional claims to the California Court of Appeal. See Dubinka, 23 F.3d at 224.

Petitioner has not established that any exception to Younger abstention is present. Nothing in the record suggests that the state court proceedings involve bad faith, harassment, or flagrant and pervasive constitutional violations. See Younger 401 U.S. at 53-54.

Accordingly, respondent's motion to dismiss the petition is **granted**, and the petition is dismissed without prejudice to its refiling after petitioner's state criminal proceedings, including his direct appeal, are completed.

It is so ordered.

Dated: September 6, 2013

_____
Virginia A. Phillips
United States District Judge

3